JULIAN AYMETT

*v.*

STATE OF TENNESSEE

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

On Rehearing March 4, 1958.

WM. C. RODGERS, C. P. J. MOONEY and CARLTON N. WILKES, Memphis, for plaintiffs in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

These two defendants below, Julian Aymett and Emmett Werne, were convicted of a conspiracy to commit usury and to commit an act injurious to trade and commerce. As to Aymett the jury fixed a fine of $1,000 to which the trial judge added four months confinement in the workhouse. As to the defendant Emmett Werne, the jury fixed a fine of $500 and the court added a prison sentence of 60 days.

These two defendants were tried jointly along with William J. Werne, the son of defendant, Emmett Werne.

The latter was found guilty of the same offenses and his punishment fixed at a fine of $250. This co-defendant has abandoned his appeal from the sentence imposed upon him.

Aymett pleaded not guilty to both charges. Werne and his son, the co-defendant, both entered a plea of guilty to both charges and seasonably requested the jury to fix their punishment.

It seems that counsel for defendant, Emmett Werne and his son, William J. Werne, reached an agreement with the Attorney General, and the two defendants were to plead guilty and a fine of $100 each assessed against them. After the jury returned a verdict of guilty the Attorney General announced that an agreement had been reached between the Attorny General and the counsel for defendants, but the court declined to accept the recommendation and imposed the workhouse sentence upon the defendant, Emmett Werne, in addition to the fine imposed by the jury.

It seems that the defendant, William J. Werne, did not appeal from his fine of $250.

■ The proof shows that defendant, Emmett Werne and his son, William J. Werne, were engaged in the business of repairing houses. The name of the business was The Nu-Home Construction Company. They were partners in the business. Following the efforts of William J. Werne, a contract was entered into between the Wernes and Viola Davis, an elderly colored woman and two of her sons, who lived with her, for the purpose of repairing her home located outside the City of Memphis, in Shelby County, at a cost of about $1,400 and an existing mort-

gage on the property of about $400, making a sum of about $1,800.

It seems the owners of the property made an application for a loan to one of the banks and this was declined.

It appears that William J. Werne approached the defendant, Julian Aymett, and he agreed to finance the loan. Aymett drew the trust deed with accompanying notes and provided for seventy notes of $40 each with interest at 6%, and there is evidence that Julian Aymett, being a broker, intended to sell these notes.

Later on after both Wernes had returned the notes and trust deed over to Aymett, the latter paid the Wernes the sum of $1,396 for their work on the home of Viola Davis.

This is a rather long record and there are many details not necessary for this opinion to show the guilt of the accused, but we think the above facts are sufficient to show an understanding and design among the defendants to require Viola Davis to pay $900 above the legal rate of interest on a loan of approximately $1,880.

While the State admits that there is no evidence of any expressed or formal agreement to exact a usurious rate of interest, yet it appears that Aymett prepared the papers providing for this usurious and illegal arrangement and directed William J. Werne to have those papers executed by Viola Davis. Evidently, William J. Werne agreed to carry out the directions given him by Aymett.

Emmett Werne, after having knowledge that the mortgage and notes were fixed to exact a usurious rate of interest from Viola Davis, and before the transaction was

completed, consented to the arrangement knowing that the defendant, William J. Werne, was acting for him as well as himself in obtaining the signature on the mortgage of Viola Davis and her two sons. This showed a common design to commit the offense with full knowledge of what they were doing. See *Solomon v. State,* 168 Tenn. 180, 76 S.W.2d. 331.

■ It appears that the actions of the defendant in charging an excessive rate of interest was not a mistake. Evidence was introduced to show that they effected a similar arrangement at about the same time with Robert Tate and wife, Betty Tate. This evidence was proper under our holding in *Mays v. State,* 145 Tenn. 118, 238 S.W. 1096.

The testimony of an assistant attorney general, who conducted a special investigation, shows that a prima facie case of conspiracy to charge a usurious rate of interest on the part of the defendants.

The two Wernes testified for the State and Aymett did not testify in his own behalf.

We think, from all of the evidence and circumstances in this case, that the jury was well warranted in finding the defendant Aymett guilty.

The judgment of the lower court is affirmed.